## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.

**IAN VAN NIEKERK,**
and all others similarly situated under
29 U.S.C. §216(b),

      Plaintiff(s),

vs.

**CODE ENFORCEMENT SECURITY, INC.,**
**DENIS VARGAS**, individually,
**HOMETEAM SECURITY, INC**. and
**ALBERT VARGAS**, individually,

      Defendants.
_____/

### COMPLAINT

*Collective Action Pursuant to 29 U.S.C. §216(b)*

Plaintiff **IAN VAN NIEKERK** ("Plaintiff"), by and through undersigned counsel, hereby respectfully files this Complaint against **CODE ENFORCEMENT SECURITY, INC** ("CES"), **DENIS VARGAS** ("Denis"), individually, **HOMETEAM SECURITY, INC**. ("Hometeam") and **ALBERT VARGAS** ("Albert"), individually (collectively hereinafter referred to as "Defendants") and allege as follows:

### Introduction

1.    This is an action by Plaintiff against Defendants for damages in connection to claims for unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

**PERERA ALEMÁN, P.A.**
12555 Orange Drive · Second Floor · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

2.      Plaintiff seeks money damages, reasonable attorneys' fees and costs, and all other remedies, including injunctive relief, allowable by law.

**Parties, Jurisdiction and Venue**

3.      Plaintiff is a former employee of Defendants, and at all material times resided in Miami-Dade County, Florida.

4.      Defendant CES, a for-profit corporation operating out of Miami-Dade County, Florida, was at all material times authorized to conducts its for-profit business in Florida, as well as other states, and it is otherwise *sui juris*.

5.      Defendant Denis was at all times material hereto the owner and operator of the corporate Defendant for the relevant time period. Defendant Boehm ran or otherwise oversaw the day-to-day operations of the corporate Defendant, was involved in establishing the business of the corporate Defendant, had supervisory authority over Plaintiff, was partially or totally responsible for paying Plaintiff's wages, and had the power to separate Plaintiff from his employment.

6.      Defendant Hometeam, a for-profit corporation operating out of Miami-Dade County, Florida, was at all material times authorized to conducts its for-profit business in Florida, as well as other states, and it is otherwise *sui juris*.

7.      Defendant Albert was at all times material hereto the owner and operator of the corporate Defendant for the relevant time period. Defendant Boehm ran or otherwise oversaw the day-to-day operations of the corporate

**PERERA ALEMÁN, PA**
12555 Orange Drive · Second Floor · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

Defendant, was involved in establishing the business of the corporate Defendant, had supervisory authority over Plaintiff, was partially or totally responsible for paying Plaintiff's wages, and had the power to separate Plaintiff from his employment.

8.　　Defendants were Plaintiff's direct employers, joint employers, and co-employers based on the shared operations, financials, and control of employees like Plaintiff.

9.　　Venue is proper in this Court because Defendants transact business in this District, Defendants maintain a principal place of business in this District, Defendants employed Plaintiff in this District, and the claims arose within the District.

10.　　All conditions precedent to this action have been satisfied by Plaintiff, waived by Defendants, or occurred.

A. **Plaintiff's Employment With Defendants.**

11.　　Plaintiff began working for Defendants during August of 2021.

12.　　During the entirety of his employment with Defendants, Plaintiff worked as a non-exempt security guard.

13.　　Plaintiff, at all material times, was paid an hourly rate of $12.00.

14.　　Plaintiff was promised, but never actually paid, an hourly rate of $16.00.

15.　　Plaintiff worked for Defendants until his separation on November 30, 2021.

**PERERA ALEMÁN, PA**
12555 Orange Drive · Second Floor · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

16.     During his employment, Plaintiff solely worked for Defendants and no other entity or business.

17.     During his employment, Plaintiff had to adhere to Defendants' rules, policies, and procedures.

18.     During his employment, Plaintiff's schedules and working periods were set by Defendants.

19.     During his employment, Plaintiff wore a uniform as dictated by Defendants.

20.     During his employment, Plaintiff was paid directly and not to any business or corporate entity.

21.     During his employment, Defendants provided Plaintiff with all the tools and materials to do his job.

22.      During Plaintiff's employment, he routinely worked beyond forty (40) hours per week but Defendants only paid Plaintiff a potion of his overtime hours at a straight time rate while failing to pay any overtime wages for the balance of his overtime hours.

23.     During Plaintiff's employment, Defendants utilized a timekeeping system that consisted of handwritten hours on paper. These "timesheets" included Plaintiff's name, his ID, the workweek, and rounded hours worked.

24.     Despite possessing timesheets, Plaintiff was paid only what Albert Vargas *believed* Plaintiff worked despite documents to the contrary to

**PERERA ALEMÁN, PA**
12555 Orange Drive · Second Floor · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

purposefully underpay Plaintiff. Indeed, due to Defendants' failure to properly track and pay overtime wages, Plaintiff kept personal notes of his hours worked.

25.     Plaintiff confronted Albert Vargas about his completely missing wages for overtime work, underpayments for overtime hours, and showed the personal work log, but these attempts to confer and rectify the wage issues were summarily rejected.

26.     Plaintiff retained undersigned counsel and is obligated to pay his counsel reasonable attorneys' fee and court costs for all services rendered.

**B. <u>Defendants' Business and Interstate Commerce</u>**

27.     The primary purpose of Defendants CES and Hometeam is to provide security services for residential and commercial clients.

28.     Under information and belief, Plaintiff alleges that CES' gross annual revenue exceeded $500,000.00 during 2020 and is expected to exceed $500,000.00 during 2021.

29.     Under information and belief, Plaintiff alleges that Hometeam's gross annual revenue exceeded $500,000.00 during 2020 and is expected to exceed $500,000.00 during 2021.

30.     CES customarily and regularly bought and sold goods and services that crossed state lines.

31.     Hometeam customarily and regularly bought and sold goods and services that crossed state lines.

**PERERA ALEMÁN, PA**
12555 Orange Drive · Second Floor · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

32.    At all relevant times, CES employed two or more employees that customarily, continually, and regularly handled goods and materials that i) were purchased from a person or entity outside the state of Florida and/or ii) were purchased in Florida but had previously traveled through interstate commerce.

33.    At all relevant times, Hometeam employed two or more employees that customarily, continually, and regularly handled goods and materials that i) were purchased from a person or entity outside the state of Florida and/or ii) were purchased in Florida but had previously traveled through interstate commerce.

34.    Upon information and belief, CES obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic (or other electronic) transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run their business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

35.    Upon information and belief, Hometeam obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic (or other electronic) transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run their business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

**PERERA ALEMÁN, PA**
12555 Orange Drive · Second Floor · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

36.     CES, upon information and belief, accepts checks, wire transfers, and other forms of payments that are made or processed outside the state of Florida, and did so during the relevant period.

37.     Hometeam, upon information and belief, accepts checks, wire transfers, and other forms of payments that are made or processed outside the state of Florida, and did so during the relevant period.

38.     CES is an employer engaged in interstate commerce and subject to the FLSA.

39.     Hometeam is an employer engaged in interstate commerce and subject to the FLSA.

40.     CES and Hometeam must be considered Plaintiff;s employers, joint employers, or co-employers for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203.

## C. **Denis' and Albert's Employment of, and Failure to Properly Pay, Plaintiff**

41.     During the relevant period, Denis was owner and operator of Defendant CES. Defendant Albert acted as a "Director" for CES.

42.     During the relevant period, Albert was owner and operator of Defendant Hometeam.

43.     During the relevant period, Albert was Plaintiff's direct manager/supervisor during his employment.

**PERERA ALEMÁN, PA**
12555 Orange Drive · Second Floor · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

44.     During the relevant period, Denis was in control of the finances that were utilized to pay Plaintiff's wages and had the responsibility, in full or in part, of ensuring those wages were paid timely and correctly.

45.     Denis, despite knowledge of Plaintiff's overtime hours, failed to compensate Plaintiff fully and properly.

46.     During Plaintiff's employment, Albert acted as Plaintiff's supervisor/manager, provided Plaintiff with his work duties, gave feedback on the work Plaintiff performed for Defendants, had the ability to discipline Plaintiff, was responsible for recording, calculating, and paying Plaintiff's work hours, and ultimately made the decision to not allow Plaintiff to continue working.

47.     Albert intentionally refused to pay Plaintiff overtime wages he was owed under the FLSA and continued to do so after Plaintiff complained about the same.

48.     Albert and Denis must be considered Plaintiff's employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203.

**D. <u>Defendants' Illegal Payment Practices Affected All Other Similarly Situated Employees.</u>**

49.     Defendants employ numerous other Security Guards that worked and performed duties in the same or similar fashion as Plaintiff.

50.     Defendants employ numerous other Security Guards that were paid in a same or similar fashion as Plaintiff.

**PERERA ALEMÁN, PA**
12555 Orange Drive · Second Floor · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

51.     Defendants employ numerous other Security Guards that customarily and regularly performed overtime work for which they were not compensated either fully and/or at the correct rate.

52.     In fact, other Security Guards, like Plaintiffs, tracked their work hours but Defendants purposefully ignored those records in favor of paying whatever hours Defendants subjectively believed their employees worked.

53.     Security Guards for Defendants have worked over forty (40) hours a week during the last three (3) years without being paid at a proper time-and-a-half their regular rate of pay for all overtime hours worked.

**COUNT I**
**OVERTIME VIOLATION BY CODE ENFORCEMENT SECURITY, INC.**
**UNDER THE FAIR LABOR STANDARDS ACT**

54.     Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 53 above as if fully set forth herein.

55.     As part of its business, CES purchased goods and materials that traveled through interstate commerce.

56.     These goods and materials were customarily, continually, and regularly handled by two or more employees, including Plaintiff.

57.     Upon information and belief, CES obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run its business in a

**PERERA ALEMÁN, PA**
12555 Orange Drive · Second Floor · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

58.     CES, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments made or processed outside the state of Florida during the relevant.

59.     During his employment with CES, Plaintiff worked overtime hours for which he was not compensated at a rate of no less than one-and-one-half his regular rate of pay as required by the FLSA.

60.     CES did not properly compensate Plaintiff for his overtime despite knowledge of the overtime hours Plaintiff worked.

61.     Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

62.     In addition, CES is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

    a.   Enter judgment for Plaintiff against CES under the FLSA;

    b.   Award Plaintiff actual damages for the unpaid overtime wages;

    c.   Award Plaintiff liquidated damages;

    d.   Award Plaintiff his attorneys' fees and costs;

    e.   Award Plaintiff all recoverable interest; and

    f.   Award any other relief this Honorable Court deems just and proper.

**PERERA ALEMÁN, PA**
12555 Orange Drive · Second Floor · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

**COUNT II**
**OVERTIME VIOLATION BY HOMETEAM SECURITY, INC.**
**UNDER THE FAIR LABOR STANDARDS ACT**

63.     Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 53 above as if fully set forth herein.

64.     As part of its business, Hometeam purchased goods and materials that traveled through interstate commerce.

65.     These goods and materials were customarily, continually, and regularly handled by two or more employees, including Plaintiff.

66.     Upon information and belief, Hometeam obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run its business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

67.     Hometeam, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments made or processed outside the state of Florida during the relevant.

68.     During his employment with Hometeam, Plaintiff worked overtime hours for which he was not compensated at a rate of no less than one-and-one-half his regular rate of pay as required by the FLSA.

69.     Hometeam did not properly compensate Plaintiff for his overtime despite knowledge of the overtime hours Plaintiff worked.

**PERERA ALEMÁN, PA**
12555 Orange Drive · Second Floor · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

70.    Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

71.    In addition, Hometeam is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a.  Enter judgment for Plaintiff against Hometeam under the FLSA;

b.  Award Plaintiff actual damages for the unpaid overtime wages;

c.  Award Plaintiff liquidated damages;

d.  Award Plaintiff his attorneys' fees and costs;

e.  Award Plaintiff all recoverable interest; and

f.  Award any other relief this Honorable Court deems just and proper.

**COUNT III**
**OVERTIME VIOLATIONS AGAINST ALBERT VARGAS UNDER**
**THE FAIR LABOR STANDARDS ACT**

72.    Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 53 above as if fully set forth herein.

73.    Albert operated the day-to-day activities of Defendants' business, had supervisory authority over Plaintiff, had control/access to Plaintiff's records for work hours, and was partially or totally responsible for paying Plaintiff's wages.

**PERERA ALEMÁN, PA**
12555 Orange Drive · Second Floor · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

74.     Albert scrutinized Plaintiff's work and controlled how Plaintiff did his job.

75.     During Plaintiff's employment with Defendants, Plaintiff worked for Defendants over 40 hours per week.

76.     During his employment with Defendants, Plaintiff worked overtime hours for which he was not compensated at a rate of no less than one-and-one-half his regular rate of pay as required by the FLSA.

77.     Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

78.     Albert did not compensate Plaintiff for his overtime despite his knowledge of the overtime hours Plaintiff worked and Plaintiff's multiple complaints to him regarding the lack of overtime wages.

79.     Albert is also jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of his intentional and willful violation of the FLSA for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a.   Enter judgment for Plaintiff against Albert under the FLSA;

b.   Award Plaintiff actual damages for the unpaid wages;

c.   Award Plaintiff liquidated damages;

d.   Award Plaintiff his attorneys' fees and costs;

e.   Award Plaintiff all recoverable interest; and

**PERERA ALEMÁN, PA**
12555 Orange Drive · Second Floor · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

f.   Award any other relief this Honorable Court deems just and proper.

**COUNT IV**
**OVERTIME VIOLATIONS AGAINST DENIS VARGAS UNDER**
**THE FAIR LABOR STANDARDS ACT**

80.   Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 53 above as if fully set forth herein.

81.   Denis operated the day-to-day activities of Defendants' business, had control/access to Plaintiff's records for work hours, and was partially or totally responsible for paying Plaintiff's wages.

82.   Denis scrutinized Plaintiff's wages and controlled how and the amounts Plaintiff was paid for his job.

83.   During Plaintiff's employment with Defendants, Plaintiff worked for Defendants over 40 hours per week.

84.   During his employment with Defendants, Plaintiff worked overtime hours for which he was not compensated at a rate of no less than one-and-one-half his regular rate of pay as required by the FLSA.

85.   Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

86.   Denis did not compensate Plaintiff for his overtime despite his knowledge of the overtime hours Plaintiff worked.

87.   Denis is also jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of his

**PERERA ALEMÁN, PA**
12555 Orange Drive · Second Floor · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

intentional and willful violation of the FLSA for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

 a. Enter judgment for Plaintiff against Denis under the FLSA;

 b. Award Plaintiff actual damages for the unpaid wages;

 c. Award Plaintiff liquidated damages;

 d. Award Plaintiff his attorneys' fees and costs;

 e. Award Plaintiff all recoverable interest; and

 f. Award any other relief this Honorable Court deems just and proper.

## JURY TRIAL

Plaintiff hereby requests a trial by jury with respect to all claims so triable.

Dated: May 27, 2022

Respectfully submitted,

**_/s/ J. Freddy Perera_**
J. Freddy Perera, Esq.
Florida Bar No. 93625
freddy@pba-law.com
Brody M. Shulman, Esq.
Florida Bar No. 92044
brody@pba-law.com
Alexander T. Harne, Esq.
Florida Bar No. 109482
harne@pba-law.com
**PERERA ALEMÁN, P.A.**
12555 Orange Drive
Second Floor
Davie, Florida 33330
Phone: 786.485.5232
_Attorneys for Plaintiff_

**PERERA ALEMÁN, PA**
12555 Orange Drive · Second Floor · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232